## Henry Harbauer, Defendant in Error, v. Helen Harbauer, Plaintiff in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the April term, 1916. Reversed and remanded. Opinion filed October 13, 1916.

### Statement of the Case.

Bill for divorce by Henry Harbauer, complainant, against Helen Harbauer, defendant. To review a decree for complainant, defendant prosecutes a writ of error.

The defendant did not appear in the Circuit Court, and the bill was taken as confessed as against her.

TEMPLEMAN & TEMPLEMAN, for plaintiff in error.

JOHN P. SNIGG, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 855*—*what jurisdictional facts must appear in certificate of evidence or in decree.* In order that the court may have jurisdiction in a divorce case, the complainant must be an actual and bona fide resident of the county where he brings his suit, and must have been a resident of the State for at least one year next before the suit is begun, and these facts must affirmatively appear either by certificate of evidence or by specific findings in the decree in order that it may be sustained on appeal.

2. APPEAL AND ERROR, § 855*—*when certificate of evidence is not obviated by finding in decree.* Where the evidence on which a decree of divorce is granted was not preserved by the certificate of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Imperial Seating Co. v. Bloomington Opera House, 202 Ill. App. 533.

evidence, and all the decree showed as to the jurisdiction of the court was the recital, "and having heard the arguments of counsel and being fully advised in the premises and on consideration thereof doth find, that the court has jurisdiction of the subject-matter and of the parties * * *," *held* that no jurisdictional fact being shown or found, such finding was not sufficient to sustain a decree on appeal.

————

## Imperial Seating Company for use of Wisconsin Seating Company, Appellee, v. Bloomington Opera House, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 13, 1916.

### Statement of the Case.

Suit in chancery by the Imperial Seating Company for use of the Wisconsin Seating Company, complainant, against the Bloomington Opera House, defendant, based on a contract for chairs for an opera house, these to be furnished by the complainant to the defendant. From a decree in favor of complainant for $975.32, defendant appeals, the complainant assigning cross error.

R. C. DE MANGE and FRANK GILLESPIE, for appellant.

LIVINGSTON & BACH, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.